```
              IN THE UNITED STATES DISTRICT COURT FOR
             THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                    *
ELLIOT WILEY, et al.,
                                    *
     Plaintiffs,
v.                                  *    CIVIL NO.: WDQ-05CV-1783

JOSE CADIZ, et al.                  *

     Defendants.                    *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

Elliott and Rosalyn Wiley (the "Wileys") sued Defendants Jose Cadiz ("Cadiz") and Goya Foods, Inc. ("Goya") for assault and battery of Elliott Wiley ("Wiley").  Pending is Goya's motion to dismiss the Complaint, or in the alternative, for summary judgment.  For the following reasons the motion to dismiss will be granted.

I.  Background

Wiley lives and works in Baltimore, Maryland.  Compl. at ¶ 1.  His office is located on East Hamilton Street.  *Id*.  Cadiz drives a tractor trailer truck owned by Goya (the "Goya truck").  *Id*. at ¶¶ 10, 12.  On June 9, 2004, while in his office, Wiley heard a rumbling noise and felt the building shake.  *Id*. at ¶¶ 1-2.  Upon leaving the building, Wiley observed the Goya truck illegally parked in an alley in front of his office building.  *Id*. at ¶ 3.  The truck had also struck and shifted a "No Parking"

1

sign in front of the building.  *Id*.  Before this event, the Baltimore City Police Department had advised Wiley to videotape damage to his property caused by delivery truck drivers and submit the videotapes to the employers of the truck drivers for reimbursement.  *Id*. at ¶¶ 6-7.

Wiley began videotaping Cadiz as he stood next to the Goya truck and unloaded boxes.  *Id*. at ¶¶ 9-10.  Wiley approached the side of the Goya truck and advised Cadiz that he was parked illegally.  *Id*. at ¶ 11.  Cadiz responded by attacking Wiley, including punching Wiley "about the body, face and neck," throwing Wiley to the ground, and using "his foot to stomp [Wiley] about the head and body."  *Id*.

Wiley alleges that as a direct and proximate result of the actions of the Defendants he suffered physical injuries, lost wages, and personal property damage.  *Id*. at ¶¶ 13-14.  The Wileys assert: 1) assault; 2) battery; 3) vicarious liability; and 4) loss of consortium and seek damages in excess of $1.5 million dollars.

II. Analysis
A. Goya's Motions to Dismiss

Under Rule 12(b)(6), a motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the

allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Mylan Laboratories, Inc. v. Raj Matkari, et. al.*, 7 F.3d 1130, 1134 (4th Cir. 1993).  All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan*, 7 F.3d at 1134.

In deciding a Rule 12(b)(6) motion, the Court will consider the facts stated in the complaint and any attached documents.  *Biospherics, Inc., v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998)). The Court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.  *Id*.

1. Respondeat Superior

The Wileys contend that Goya is vicariously liable for Cadiz's actions, because Cadiz was acting within the scope of his employment for Goya when he attacked Wiley.  Goya denies liability, arguing that Cadiz's physical attack was not within the scope of his duties as a truck driver.

The test for determining if an employee's tortious acts are within the scope of his employment is whether (1) the acts were in furtherance of the employer's business; and (2) were "authorized" by the employer. *Sawyer v. Humphries*, 322 Md. 247, 255, 587 A.2d 467, 470 (Md. 1991).  To be within the scope of the

employment, the conduct must be of the type the employee is hired to perform.  *Id*. at 255, 471.  In determining whether the conduct is within the scope of employment, factors considered include whether the act is commonly done by employees, whether the employer had reason to expect that such an act would be done, and whether or not the act is seriously criminal.  *Id*. at 256, 471.  An important factor is whether the employee's conduct was foreseeable.  *Id*.  "Authorized" actions does not mean expressly conferred authority, but whether the act was incident to the performance of duties entrusted to the employee by the employer.  *Id*. at 255, 470.

Assault and battery by a truck driver is not in furtherance of the business of transporting or delivering goods.  *See Jordan v. Western Distributing Co.*, 135 Fed. Appx. 582, 586 (4th Cir. 2005); *Fishbone v. Gonzales*, No. JFM-98-2933, 1999 U.S. Dist. Lexis 22138, at *2-3 (D. Md. 1999).  Conduct that is "unprovoked, highly unusual, and quite outrageous" is sufficient to indicate conduct personally motivated and outside the scope of employment.  *Jordan*, 135 at 585 (*quoting Sawyer v. Humphries*, 322 Md. 247, 257, 587 A.2d 467, 470-471 (Md. 1991)).  *See also Maron v. U.S.*, 126 F.3d 317, 324 (4th Cir. 1997)(citing *Sawyer* case in support of finding personal motivations outside the scope of employment).  Accordingly, Wiley has not alleged that Cadiz's attack on Wiley was in furtherance of Goya's business.

4

The Wileys contend that determination of the scope of employment is a question of fact that cannot be resolved by a dispositive motion.  Under Maryland law, scope of employment is generally a question for the jury; however, when an employee's conduct is "very marked and unusual" the court may determine as a matter of law that he is acting outside the scope of his employer's business.  *Jordan v. Western Distributing Co.*, 135 Fed. Appx. 582, 585 (4th Cir. 2005)(*quoting Carroll v. Hillendale Golf Club*, 156 Md. 542, 546, 144 A. 693, 695 (Md. 1929)).  The Wileys have not alleged that Cadiz's actions were within the scope of his employment, therefore, Goya cannot be held vicariously liable.


## CONCLUSION

For the reasons discussed above, Goya's motion to dismiss will be granted.


<u>December 14, 2005</u>                            <u>        /s/              </u>
                                    William D. Quarles, Jr.
                                    United States District Judge

5